**Richmond**

STANLEY RAINES JEFFERSON

v.

COMMONWEALTH OF VIRGINIA

No. 0896-86-2

Decided June 7, 1988

COUNSEL

Bruce E. Robinson, on brief, for appellant.

Virginia B. Theisen, Assistant Attorney General (W. Mark Dunn, Assistant Attorney General; Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

DUFF, J. — Stanley Raines Jefferson was convicted of arson of a house belonging to Martha Shelton. The date of the alleged arson was April 2, 1980; the date of the trial was April 30, 1986. Jefferson contends that the evidence presented at trial was insufficient to corroborate the *corpus delicti* established by his full confession. We conclude that it was sufficient and affirm.

On appeal of a criminal conviction, a court must view the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible

therefrom. *Crumble v. Commonwealth*, 2 Va. App. 231, 233, 343 S.E. 2d 359, 361 (1986). When so viewed, it showed the following:

On January 23, 1985, Jefferson was incarcerated in the Mecklenburg County jail for an unrelated offense. At that time, Jefferson confessed to the arson of Mrs. Shelton's home. On that date he conferred with Deputy Sheriff Howard C. Morris and said that he wanted "to get anything that was against him behind him. . . . He wanted to get his whole record clean and behind him." Morris informed Jefferson of his *Miranda* rights, and Jefferson executed a written waiver thereof. Jefferson had become a suspect in the Shelton fire because he had worked for Mrs. Shelton, had lived on her property, was financially indebted to her, and had been accused previously of taking money from her home. Jefferson's confession contained the fact that the arson had occurred in the nighttime and that he knew the victim was inside the house. Jefferson stated that he started the fire on the outside by igniting paper near the kitchen area. He further told the deputy that he had burned the home because he owed Mrs. Shelton a lot of rent money.

At trial Deputy Morris testified that he had been working as a deputy sheriff for almost twelve years; that a report was made to the sheriff's department around April 2, 1980 regarding the burning of a house owned by Mrs. Martha Shelton; that he took over the continuing investigation of the fire in 1983. At trial he was asked:

Q: Was that house, from your investigation and your knowledge of it, substantially totally destroyed by fire?

A: Yes sir, it was.

On these facts, Jefferson contends that he was convicted *solely* on his own uncorroborated confession. At oral argument, he conceded that the testimony of Deputy Morris provided slight corroboration of his confession, but contended that the quality of the corroboration was insufficient to support his conviction. We disagree that the corroboration was insufficient.

█ Several principles of law apply to this issue. In an arson prosecution, as in any other criminal case, the Commonwealth has

the dual burden of proving beyond a reasonable doubt both the *corpus delicti* and the criminal agency of the defendant. *Cook v. Commonwealth*, 226 Va. 427, 431, 309 S.E.2d 325, 328 (1983). The *corpus delicti* in this case must contain proof that there was a burning and that the fire was of incendiary rather than of accidental origin, as well as the criminal agency of the defendant.

■ In Virginia an extrajudicial confession of an accused that he committed the offense with which he is charged is not, alone and uncorroborated, adequate proof of the *corpus delicti*. *Phillips v. Commonwealth*, 202 Va. 207, 211, 116 S.E.2d 282, 284-85 (1960). "The purpose of the corroboration rule is to reduce the possibility of punishing a person for a crime which was never, in fact, committed." 7B Michie's Jurisprudence, *Evidence* §240 (1985 Repl. Vol.).

We hold that the additional evidence of the arson of Mrs. Shelton's home was more than sufficient to corroborate Jefferson's full confession. Deputy Morris testified that the house had been totally destroyed by fire. The record also shows that at the time of the arson, Jefferson was living on the same property as Mrs. Shelton and that he owed her a considerable amount of money in back rent. In his confession he specifically stated that he started the fire by igniting paper near the kitchen, that it was nighttime, and that he knew Mrs. Shelton was in her home. He also said his reason for burning her home was because he owed her a lot of money.

■ Where "the commission of the crime has been fully confessed by the accused, only *slight* corroborative evidence is necessary to establish the *corpus delicti*." *Clozza v. Commonwealth*, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984), *cert. denied*, 469 U.S. 1230 (1985) (emphasis added). The corroborative evidence was sufficient, taken with the evidence of the confession, to establish the commission of the crime beyond a reasonable doubt. *See Phillips*, 202 Va. at 212, 116 S.E.2d at 284-85.

■ We perceive from the argument and brief of the Commonwealth that there may exist a misconception of the concepts of admissibility of the confession and the sufficiency of the corroborative evidence to sustain proof of the *corpus delicti*. When a confession of the accused is offered into evidence, the trial judge must rule upon its admissibility. The duty of the trial judge

is to determine from the evidence, in the absence of the jury, whether the confession was freely and voluntarily given. *Campbell v. Commonwealth*, 194 Va. 825, 830, 75 S.E.2d 468, 471 (1953); *Upshur v. Commonwealth*, 170 Va. 649, 655, 197 S.E. 435, 437 (1938). If the confession is freely and voluntarily given, it is admissible, and its credibility, weight, and value are for the jury to determine. The question whether there exists evidence in corroboration of the confession is not a question of admissibility, but a question for the trier of fact after a confession has been admitted. When the sufficiency of the Commonwealth's evidence is tested, usually by a motion to strike, the issue of corroboration is considered. This issue was addressed by the Supreme Court in *Reid v. Commonwealth*, 206 Va. 464, 144 S.E.2d 310 (1965):

> It is further contended that the lower court erred in admitting the confession in evidence because, it is said, there was a lack of "independent proof beyond a reasonable doubt of the *corpus delicti*" The argument is that the *corpus delicti* must be established by evidence independent of the confession and that until this had been done the confession was not admissible. We do not agree with this contention.

*Id.* at 468, 144 S.E.2d at 313.

We do not agree with Jefferson's argument that the quality of the corroborative evidence is deficient because of its staleness. As he asserts, the report of the fire to the sheriff's office was made in 1980. However, there is no evidence in the record showing that the report was inaccurate when made or that it was altered or changed in any way by the mere passage of time from 1980 until Deputy Morris took over the investigation in 1983. Morris' testimony that his investigation showed that the house had been totally destroyed by fire was evidence that sufficiently corroborated the confession given by Jefferson.

For these reasons the judgment of conviction is

*Affirmed.*

Cole, J., and Benton, J., concurred.