**Norfolk**

JAMES MELVIN KING, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0779-92-1

Decided March 15, 1994

COUNSEL

Stanley E. Sacks (Sacks, Sacks & Imprevento, on brief), for appellant.

Robert B. Condon, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal, we distinguish between the admissibility of a criminal defendant's extra-judicial statement when offered by the defendant and such a statement when offered by the prosecution. When offered by the defendant, his extra-judicial statements constitute inadmissible hearsay unless excepted from this prohibition as prior consistent statements; when offered by the prosecution, such statements are admissible as party admissions.

The defendant appeals a conviction of first degree murder for having shot and killed the brother of a woman whom he had dated for ten years but had not seen for several months before the homicide. The defendant, while not contesting that he had shot and killed the brother, contended that he had done so in self-defense.

While presenting its case-in-chief, the prosecution introduced, without objection from the defendant, an admission the defendant made to a police officer approximately five hours after the homicide. The defendant had explained to the officer that he "shot in self-defense. He came at me from — I don't know where he came from. He had a towel in his hand. I don't know if he had a gun or not and when he came at me I started to shoot."

During his defense, the defendant proffered, and the trial court refused to admit, a tape recording of another statement the defendant had made earlier to another police officer. In this statement the defendant described threats he had received from the victim's sister and her family; he spoke of buying a gun for protec-

tion; and he said the towel in the victim's hand appeared to be wrapped around a gun.

The first statement was introduced by the prosecution without objection. Generally, an out-of-court statement by a criminal defendant, if relevant, is admissible as an exception to the hearsay rule when offered by the prosecution because it constitutes an admission of a party. *Alatishe v. Commonwealth*, 12 Va. App. 376, 378, 404 S.E.2d 81, 82 (1991).

However, when proffered by the party who made the statement, such a statement is generally not admissible. *See Tyree v. Lariew*, 208 Va. 382, 385, 158 S.E.2d 140, 143 (1967). Such statements are hearsay; therefore, they are inadmissible unless falling within an exception to the hearsay rule. *See Foley v. Commonwealth*, 8 Va. App. 149, 161, 379 S.E.2d 915, 921, *aff'd en banc*, 9 Va. App. 175, 384 S.E.2d 813 (1989). A defendant may introduce his or her own prior consistent statements when the prosecution suggests that the defendant has a motive to falsify, alleges that the defendant's testimony is a recent fabrication, or attempts to impeach the defendant with a prior inconsistent statement. *See Faison v. Hudson*, 243 Va. 397, 404-05, 417 S.E.2d 305, 309-10 (1992); *Manetta v. Commonwealth*, 231 Va. 123, 128 n.3, 340 S.E.2d 828, 831 n.3 (1986). In this case, the defendant did not testify at trial; therefore, none of these exceptions applied.

These diverse rules governing the admissibility of a defendant's statements, while appearing paradoxical, are supported by a consistent rationale. When offered by the defendant, his out-of-court declarations are not subject to cross-examination by the prosecution. Therefore, such statements are appropriately inadmissible unless offered, not to prove the truth of their content, but to prove only that the defendant earlier spoke consistently with his present testimony, the credibility of which is being challenged. 2 Charles E. Friend, *The Law of Evidence in Virginia* § 18-4, at 102 (4th ed. 1993). When offered by the prosecution, however, the defendant's out-of-court declarations, although not subject to cross-examination, may be rebutted by the defendant's own testimony. Therefore, the principal rationale underlying the hearsay rule, that of reliability, is of no concern. *Id.* § 18-34, at 211.

The defendant contends that other reasons support his argument that he should have been permitted to introduce his own

statement. First, he argues that the refusal to admit the statement denied him a fair trial and due process of law, a contention he failed to assert in the trial court and which we, therefore, may not consider as a basis for reversal. Rule 5A:18. Next, he asserts that the prosecution opened the door to admission of the second statement or waived its right to object to its admission by introducing the first statement into evidence. While a party may "open the door" to a new inquiry by introducing it into a trial, *see Lewis v. Commonwealth*, 8 Va. App. 574, 580-81, 383 S.E.2d 736, 740 (1989), a party does not expand an exception to the hearsay rule by introducing evidence that falls within the exception. Furthermore, no principle of law prevents a party from objecting to inadmissible evidence because the party has previously introduced similar, but admissible, evidence.

For these reasons, we conclude that the trial court did not err in refusing to admit the defendant's out-of-court statement when offered by the defendant, and we affirm the judgments of conviction.

*Affirmed.*

Baker, J., and Bray, J., concurred.