COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia

ROBERT CUPPETT

v.          Record No. 1240-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                       JULY 25, 1995

                FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Thomas S. Shadrick, Judge

            Andrew G. Wiggin (Office of the Public
            Defender, on brief), for appellant.

            Robert B. Beasley, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Robert Cuppett (defendant) was convicted by the trial court

for arson of a motor vehicle in violation of Code § 18.2-81.  On

appeal, defendant challenges the sufficiency of the evidence to

support the conviction.  We affirm the judgment of the trial court.

     The parties are fully conversant with the record in this case,

and a recitation of the facts is unnecessary to this memorandum

opinion.

     Under familiar principles of appellate review, we examine the

evidence in the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom.  Martin

v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The judgment of a trial court, sitting without a jury, is entitled

to the same weight as a jury verdict and will be disturbed only if

plainly wrong or without evidence to support it.  Id.  The

_____

       [*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

> Code § 18.2-81 provides, in pertinent part, that [i]f any person maliciously, or with intent to defraud an insurance company or other person . . . aid, counsel, or procure the burning or destroying by any explosive device or substance, of any personal property, . . . he shall, if the thing burnt or destroyed, be of the value of $200 or more, be guilty of a Class 4 felony.

Id. (emphasis added). "'[M]alice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will.'" Hamm v. Commonwealth, 16 Va. App. 150, 153-54, 428 S.E.2d 517, 520 (1993) (quoting Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991)). "Malice, therefore, in the case of arson, is not necessarily a feeling of ill will toward another person, but may be a purposeful intent to do a wrongful act." Hamm, 16 Va. App at 154, 428 S.E.2d at 520. It "may be inferred from the fact that a person intentionally burned insured property for the purpose of defrauding or injuring an insurance carrier." Id.

While driving along an unlighted lane, through a "patch of woods," Oscar Dozier observed defendant and his wife as driver and passenger, respectively, of a darkened truck, stopped several hundred yards from a "Grand Am" car, also parked at the roadside. He saw a man exit the Grand Am with a "flare gun" in his hand and walk directly to and enter the truck with defendant and his wife.

Curious, Dozier made several slow "passes" through the area and detected the odor of gasoline emanating from the Grand Am and noticed a "flickering light in the floorboard" of the vehicle. With each approach of Dozier's vehicle, the truck "would start" and its "lights [would switch] on" and then "cut back off" when "they [the occupants] couldn't see me [Dozier]." After several minutes, the truck "made a U-turn and head[ed]" away. Dozier departed the area briefly, discovered the Grand Am engulfed in flames on his return and summoned police.

D.A. Moss, a "certified fire investigator," testified that the fire originated in the "floorboard" of the car and "samples" from that surface revealed the presence of a "gasoline petroleum product." Moss had noted a "strong odor of gasoline" about the Grand Am at the inception of his investigation.[1] The Grand Am, valued at $4100, was owned by defendant's wife and reported stolen by her to both local police and the insurer of the vehicle.

This evidence, together with other evidence in the record, is sufficient to support a finding that defendant "aid[ed], counsel[ed], or procure[d] the burning or destroying" of the Grand Am, including an inference of the requisite malice. Code § 18.2-81; see Code § 18.2-18. Accordingly, we affirm the conviction.

Affirmed.

---

[1] The gas tank of the vehicle remained "intact" following the fire.