COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Fitzpatrick, and Senior Judge Duff
Argued at Alexandria, Virginia

MICHAEL ERVIN TRAVERS

v.      Record No. 1970-94-4              MEMORANDUM OPINION*
                                      BY JUDGE CHARLES H. DUFF
COMMONWEALTH OF VIRGINIA                   MARCH 5, 1996

               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Rosemarie Annunziata, Judge

          Andrew P. Wright (Briglia & Wright, on
          brief), for appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Michael Travers (appellant) appeals his conviction for

murder in the first degree.  He argues that the trial court erred

in excluding his statements to the police and the records of

certain criminal convictions of the decedent, Gerald Moore.  We

find no reversible error in the trial court's rulings and affirm

appellant's conviction.

                                I.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

     Upon returning home on the night of February 5, 1994,

_____

        *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

appellant's wife found the dead body of Gerald Moore on the sofa in the apartment she shared with appellant and their two children. Moore had sustained fourteen stab wounds, three of them fatal. Two of the wounds punctured his heart. Moore's blood alcohol content was .40 percent. A toxicologist testified that such an amount of alcohol in Moore's bloodstream would have induced a state approaching "general paralysis."

At about 10:00 p.m. that night, appellant called his father and said he had stabbed a man. Appellant appeared at his father's house shortly thereafter. When police officers arrested appellant there later, they found blood on his clothes, on his hands, and on a knife sheath on his belt.

Appellant testified that he and Moore met for the first time at a convenience store in the early evening of February 5, 1994. Appellant and Moore went to appellant's apartment for the purpose of drinking alcohol. Appellant testified that at the apartment he and Moore had argued, and that Moore attacked him. Appellant said he remembered stabbing Moore with a knife once in self-defense.

## II.

Before appellant testified in his behalf and had his credibility challenged on cross-examination, he asked the trial court to permit him to introduce statements he made to the police following his arrest. The statements contained admissions that appellant had stabbed Moore, but that he had acted in self-

defense.  The court ruled the statements hearsay and excluded them.

"'Hearsay evidence is defined as a spoken or written out-of-court declaration or nonverbal assertion offered in court to prove the truth of the matter asserted therein." Hamm v. Commonwealth, 16 Va. App. 150, 155, 428, S.E.2d 517, 521 (1993). Appellant sought to introduce his statements to prove that he acted in self-defense.  Thus, appellant offered the statements for the truth of the matters asserted therein, and the statements were hearsay.

"As a general rule, hearsay evidence is incompetent and inadmissible. . . .  The party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility." Neal v. Commonwealth, 15 Va. App. 416, 420-21, 425 S.E.2d 521, 524 (1992).  On appeal, appellant does not assert that any exception to the hearsay rule permitted the introduction of his statements during his case in chief.  Moreover, "when proffered by the party who made the statement, such a statement is generally not admissible." King v. Commonwealth, 18 Va. App. 57, 59, 441 S.E.2d 704, 705 (1994).  In the absence of an applicable exception to the hearsay rule, the trial judge did not err in refusing to permit appellant to introduce the statements.[1]

---

[1] We find no merit to appellant's argument that he should have been permitted to introduce the statements at trial because the Commonwealth did so at the preliminary hearing.  The Commonwealth is not required to introduce the same evidence at trial as at the preliminary hearing, nor is the Commonwealth barred at trial from objecting to such evidence.

After the parties had rested and while the trial court was discussing jury instructions with counsel, appellant's attorney requested leave to reopen his case to permit appellant to testify about his statements to the police. Although counsel previously had declined the opportunity to present rebuttal evidence, she contended that the evidence was necessary to support her planned closing argument that appellant asserted self-defense "early on." The trial court refused appellant's request.

"A defendant may introduce his or her own prior consistent statements when the prosecution suggests that the defendant has a motive to falsify, alleges that the defendant's testimony is a recent fabrication, or attempts to impeach the defendant with a prior inconsistent statement." Id. at 59, 441 S.E.2d at 705. To be admissible, however, the prior statements must have been "made at a time when their ultimate effect and operation could not have been foreseen." Skipper v. Commonwealth, 195 Va. 870, 876, 80 S.E.2d 401, 405 (1954). See also Faison v. Hudson, 243 Va. 397, 404, 417 S.E.2d 305, 309 (1992).

The decision whether to permit the introduction of further testimony after both parties have rested their cases is addressed to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Williams v. Commonwealth, 4 Va. App. 53, 77, 354 S.E.2d 79, 92 (1987). We cannot say the trial court abused its discretion in denying appellant's motion to reopen his case.

III.

The trial judge refused to admit records of Moore's Maryland and Florida convictions because the proffered documents did not comply with Code § 8.01-389. Code § 8.01-389(A)(1) provides: The records of any judicial proceeding and any other official record of any court of another state or country, or of the United States, shall be received as prima facie evidence provided that such records are authenticated by the clerk of the court where preserved to be a true record, and similarly certified by a judge of that court.

For purposes of Code § 8.01-389, "the terms 'authenticated' and 'certified' are basically synonymous . . . . Authentication is merely the process of showing that a document is genuine and that it is what its proponent claims it to be." Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 607 (1990).

The Maryland and Florida conviction orders were not certified by a judge. Thus, the orders did not comply with the requirements of Code § 8.01-389, and the trial judge did not err in excluding them.

The trial court also excluded the Virginia record of Moore's conviction of disorderly conduct arising from an incident on November 16, 1993. The court admitted, however, the testimony of Officer Connor about Moore's conduct that resulted in the disorderly conduct charge.

Even if the Virginia disorderly conduct conviction should

have been admitted, the error was harmless in light of Officer Connor's testimony about the event. Connor testified that on November 16, 1993, he observed Moore swing a piece of wood like a baseball bat in the direction of several individuals fleeing from a convenience store parking lot. Moore was intoxicated and angry. Connor's testimony illustrated Moore's propensity for violent or turbulent behavior more graphically than the bare conviction order possibly could. In addition, the trial court did admit orders reflecting Moore's thirteen convictions for public drunkenness. Because it appears from the record that any conceivable error did not affect the verdict, see Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc), we affirm appellant's conviction.

Affirmed.