COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


LAURA MOELLAR, S/K/A
 LAURA ANN MOELLER
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2896-99-1            JUDGE WILLIAM H. HODGES
                                           OCTOBER 3, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Kenneth N. Whitehurst, Jr., Judge

          Robert Gray Morecock (Shuttleworth, Ruloff &
          Giordano, P.C., on brief), for appellant.

          (Mark L. Earley, Attorney General; Steven A.
          Witmer, Assistant Attorney General, on
          brief), for appellee.


     Appellant was convicted of three counts of distribution of

Xanax, a Schedule IV controlled substance, to her minor children

in violation of Code § 18.2-255(A)(i).  On appeal, appellant

contends that the evidence was insufficient to support the

convictions.  Appellant argues that the Commonwealth failed to

corroborate her statement to the police in which she admitted that

she administered Xanax to her children.  We disagree and affirm.

     In a statement to Detective P. O'Hagan, appellant admitted

she gave Xanax in orange juice to each of her three children.

Appellant admitted giving her oldest child a whole tablet, and

_____

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

giving her two younger children a half tablet to make them drowsy. Appellant's oldest child stated that appellant gave her a "bluish/purple pill" in orange juice. Appellant's middle child stated that appellant gave him a gray pill in orange juice and told him that the pill "would make him sleepy and take things off his mind." Appellant's youngest child stated that appellant gave him a tablet that tasted "yucky." Appellant testified that she had a prescription for Xanax, but that the pills were white. Appellant also testified that she was not sure what drug she gave to her children.

"A conviction cannot be based solely on the uncorroborated statement of a person that a crime has occurred and that he committed it. The corpus delicti cannot be established by a confession of the accused uncorroborated by any other evidence." Hamm v. Commonwealth, 16 Va. App. 150, 157, 428 S.E.2d 517, 522 (1993). However, "[w]here 'the commission of the crime has been fully confessed by the accused, only slight corroborative evidence is necessary to establish the corpus delicti.'" Jefferson v. Commonwealth, 6 Va. App. 421, 424, 369 S.E.2d 212, 214 (1988) (citation omitted).

Appellant told O'Hagan that she gave Xanax to her children in orange juice. Appellant also told O'Hagan the specific amount of Xanax that she gave to each child. Appellant said that she knew that the dosage of Xanax that she gave the children would not harm them, but would make them drowsy. The testimony of the children

-

was that appellant gave them pills mixed with orange juice. Appellant admitted that she had a prescription for Xanax for anxiety, which was consistent with her statement to her middle child that the drug "would make him sleepy and take things off his mind." Appellant's confession was sufficiently corroborated by the children's statements. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of three counts of distribution of Xanax, a Schedule IV controlled substance, to her minor children in violation of Code § 18.2-255(A)(i).

Affirmed.

-