COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


BURNEST GRIFFIN, III

                                  MEMORANDUM OPINION[*] BY
v.    Record No. 0855-99-1        JUDGE WILLIAM H. HODGES
                                     OCTOBER 17, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

J. Barry McCracken (Richard A. Monteith, on
brief), for appellant.

Amy L. Marshall, Assistant Attorney General
(Mark L. Earley, Attorney General; Rick R.
Linker, Assistant Attorney General, on
brief), for appellee.


Burnest Griffin, appellant, appeals his convictions wherein his three-year-old daughter, A.G., was the victim: two counts of aggravated sexual battery and two counts of taking indecent liberties while in a custodial relationship. Appellant contends that he was convicted on the basis of his uncorroborated confession and, therefore, his convictions should be reversed. For the following reasons, we agree and reverse and dismiss appellant's convictions involving A.G.

An accused cannot be convicted solely on his extrajudicial admission or confession. See Watkins v. Commonwealth, 238 Va.

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

341, 348, 385 S.E.2d 50, 54 (1989); Hamm v. Commonwealth, 16 Va. App. 150, 157, 428 S.E.2d 517, 522 (1993). The corpus delicti must be corroborated. See Watkins, 238 Va. at 348, 385 S.E.2d at 54. However, when "the commission of the crime has been fully confessed by the accused, only slight corroborative evidence is necessary to establish the corpus delicti." Clozza v. Commonwealth, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984). "'The purpose of the corroboration rule is to reduce the possibility of punishing a person for a crime which was never, in fact, committed.'" Jefferson v. Commonwealth, 6 Va. App. 421, 424, 369 S.E.2d 212, 214 (1988) (citation omitted).

Applying these principles, we conclude that although appellant confessed to the crimes involving A.G., the facts constituting the corpus delicti of aggravated sexual battery and indecent liberties were not supported by the necessary "slight corroborative evidence."

Appellant acknowledged that he masturbated before he bathed A.G. Appellant admitted that he became sexually aroused when he touched A.G.'s private parts while bathing her and while rubbing oil across her back and buttocks. Appellant confessed that he fondled A.G.'s chest and buttocks on more than one occasion. Appellant also confessed to crimes against five-year-old L.L. L.L. testified at trial and described what appellant did to her, providing corroborative evidence of appellant's confession of the crimes against her. L.L. testified that A.G. was in the house and

-

came upstairs during one such incident.  Appellant admitted that A.G. came upstairs during the incident involving L.L., but that he instructed her to go back downstairs.  However, no evidence was presented that supports the corpus delicti of aggravated sexual battery and taking indecent liberties with A.G.  The evidence only showed that appellant was in charge of A.G. and had the opportunity to commit the crimes against her.  These factors do not constitute "slight corroborative evidence."

Therefore, the trial court erred by convicting appellant of the charges involving A.G.  We reverse those convictions and dismiss the corresponding indictments.

Reversed and dismissed.