COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Decker and O'Brien
Argued at Alexandria, Virginia


RICHARD YERGOVICH

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2010-15-4                      CHIEF JUDGE GLEN A. HUFF
                                                    SEPTEMBER 20, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Daniel E. Ortiz, Judge

Michael C. Sprano for appellant.

Lauren C. Campbell, Assistant Attorney General, (Mark R.
Herring, Attorney General, on brief), for appellee.


Richard Yergovich ("appellant") appeals his felony convictions of maliciously burning an

occupied dwelling, in violation of Code § 18.2-77, and maliciously burning personal property

valued in excess of $200, in violation of Code § 18.2-81.  Following a bench trial in the Circuit

Court of the County of Fairfax ("trial court"), appellant was sentenced to two years and nine

months' incarceration.  On appeal, appellant contends that the trial court erred in "finding that

there was sufficient evidence of malice to convict the appellant" of either count.  For the

following reasons, this Court affirms appellant's convictions.

I.  BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On September 2, 2013, appellant lived in the basement bedroom of a single-family home owned by his mother and father, Mary Anne ("mother") and Michael ("father") Yergovich. Mother answered a phone call at 2:30 a.m. in which appellant's friend told her that the appellant was "not in good shape" emotionally. Mother and father dressed and left in their car to look for appellant, returning unsuccessfully around 4:30 a.m. Appellant was in his basement bedroom when his parents returned. Father then recalled that mother had lent a credit card to appellant, and upon checking the balance of the credit account, discovered that appellant had withdrawn nearly $700 from the account that night. When father went to the basement and asked appellant to return the $700 and the credit card, appellant responded, "Not now. I'm doing something important." Appellant then went into his basement bedroom and closed the door. Father went upstairs to the kitchen to cancel the credit card online.

Several minutes later, father and mother smelled something burning. Father rushed downstairs to find smoke seeping out from under the door to appellant's room. Finding the door locked and barricaded, father kicked it in. Inside, appellant was throwing handfuls of paper into a fire originally built on a two-foot by two-foot square of bare concrete where appellant had pulled up carpet tiles. By the time father entered, the fire had expanded beyond the concrete square appellant prepared, and the flames reached higher than father's head. Father asked appellant, "what in the hell are you doing?," to which appellant responded, "what does it look like I'm doing?"

Father grabbed appellant's wrist and tried to lead appellant out of the room, but appellant pushed father to the floor. Appellant punched father in his ribs and stomach until father eventually pushed appellant off with his foot. After being pushed off, appellant resumed

throwing papers into the fire. Father attempted to extinguish the flames by filling a trash can with water from a nearby bathroom and pouring it on the fire, but after three such trips, the thickening smoke forced father to flee the house. During the last trip to refill the trash can, father lost sight of appellant. Father never saw appellant attempt to extinguish the flames.

The fire department eventually arrived and put out the fire, but only after it caused around $10,000 in property damage. The fire burned the basement's ceiling as well as wiring and floor joists in the floor above; damaged several computers and other electronic equipment, tools, telephones, a large television set, and other furniture; and caused smoke damage throughout the house.

First responders eventually discovered appellant naked in the woods behind the house and treated him for burns. Appellant advised first responders that he was naked because he set a pile of clothes on fire, including those he was wearing. Appellant also told first responders that he had been consuming alcohol that evening. During the fire investigation, appellant informed investigators that he had used matches to burn things that reminded him of his ex-girlfriend. The investigation ruled out any accidental causes for the fire, and concluded that the fire originated from application of an open flame to combustible materials.

At trial, the Commonwealth introduced testimony from appellant's parents, first responders, and fire investigators, as well as photographs of the damage to the Yergovich household. During the defense case-in-chief, appellant testified that he intentionally started the fire in order to burn papers, letters, a photograph, and a stuffed animal as a "symbolic act that . . . would help [appellant] let go of [his] past." Appellant testified that he did attempt to smother the flames, which only had the effect of intensifying the fire, and then tried to stomp out the fire, which resulted in his socks and pants igniting. Appellant testified that he then removed his burning clothes and fled the basement, naked, into the woods behind the house. Throughout

- 3 -

trial, appellant maintained that he only wanted to burn mementos of his ex-girlfriend; everything else that was damaged was an accident resulting from appellant's failure to control the fire he acknowledged starting.

During closing argument, defense counsel asserted that the Commonwealth failed to present sufficient evidence of appellant's malice, a necessary element for the court to convict appellant of both charges. The trial court, after considering the evidence and credibility of witnesses, found that the Commonwealth satisfied its burden and established the elements of both crimes charged. This appeal followed.

## II. STANDARD OF REVIEW

Our standard for reviewing the sufficiency of the evidence is firmly established:

> [W]hen the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly drawn therefrom must be viewed in the light most favorable to the Commonwealth. The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it.

Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (citations omitted). Under this familiar standard of review, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id.

## III. ANALYSIS

On appeal, appellant contends that the trial court erred in finding the evidence was sufficient to convict him of violating Code §§ 18.2-77 and 18.2-81. Specifically, appellant asserts that the Commonwealth did not produce sufficient evidence to establish that appellant acted with malice.

- 4 -

To convict an accused of the charged offenses, the Commonwealth must prove beyond a reasonable doubt "each and every constituent element" of each crime. Martin v. Commonwealth, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992) (*en banc*). Under Code § 18.2-77, it is a criminal offense to "maliciously (i) burn[] . . . , in whole or in part, or cause[] to be burned or destroyed . . . any dwelling house or manufactured home." Code § 18.2-81 likewise makes it a criminal offense for any person to "maliciously, or with intent to defraud an insurance company or other person, set fire to or burn . . . any personal property" valued at $200 or more. An element of each offense is malice; therefore, the Commonwealth had to prove that appellant acted with malice.

Although neither Code § 18.2-77 nor Code § 18.2-81 specifically defines "maliciously," there is no difference between malice as an element of arson and malice as a necessary element of other common law crimes. Bell v. Commonwealth, 11 Va. App. 530, 532, 399 S.E.2d 450, 452 (1991). "It is well settled that '[m]alice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury.'" Davis v. Commonwealth, 65 Va. App. 485, 502, 778 S.E.2d 557, 566 (2015) (quoting Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947)). "Malice, therefore, in the case of arson, is not necessarily a feeling of ill will toward another person, but may be a purposeful intent to do a wrongful act." Hamm v. Commonwealth, 16 Va. App. 150, 154, 428 S.E.2d 517, 520 (1993).

"Intent is the purpose formed in a person's mind at the time an act is committed. Intent may, and often must, be inferred from the facts and circumstances of the case, including the actions and statements of the accused." Johnson v. Commonwealth, 53 Va. App. 79, 100, 669 S.E.2d 368, 378 (2008) (quoting Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998)). "[W]hether the required intent exists is generally a question of fact for the trier of

fact." Becker v. Commonwealth, 64 Va. App. 481, 491, 769 S.E.2d 683, 688 (2015) (quoting Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977)). Moreover, the finder of fact is entitled to infer that a "person intends the natural and probable consequences of his or her acts." Velasquez v. Commonwealth, 276 Va. 326, 330, 661 S.E.2d 454, 456 (2008).

To overcome the presumption of innocence, the evidence as a whole must exclude all reasonable hypotheses or conclusions inconsistent with guilt. Harrell, 11 Va. App. at 10, 396 S.E.2d at 684. This reasonable-hypothesis principle, however, "is not a discrete rule unto itself." James v. Commonwealth, 53 Va. App. 671, 681, 674 S.E.2d 571, 576 (2009) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 8, 602 S.E.2d 402, 405 (2004)). Instead, "the statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Id. (quoting Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)). Thus, "[w]hether the hypothesis of innocence is reasonable is itself a 'question of fact,' subject to deferential appellate review." Clanton v. Commonwealth, 53 Va. App. 561, 572-73, 673 S.E.2d 904, 910 (2009) (*en banc*) (citations omitted).

Here, malice was established through appellant's conduct resulting in injury to his father and damage to the family home as well as destruction of personal property of others. The evidence proved that appellant barricaded himself in the basement bedroom and started a fire after a confrontation with his father over appellant's misuse of a credit card. Appellant maintained throughout trial that he set the fire in order to burn his own mementos of his ex-girlfriend, but the evidence before the trial court demonstrated that he purposely set the fire inside and took only minimal steps to contain it. When father discovered the fire and was able to gain entry to the room, appellant reacted violently to father's efforts to lead him to safety, pushing father to the ground and punching him in the ribs and stomach. Once father was able to

push appellant off of him, appellant added more papers to the fire. Appellant continued to feed the fire even as father made attempts to extinguish it with water from the bathroom. Ultimately, the magnitude of the fire forced father to abandon his efforts to put out the fire and flee the room.

Appellant's hypothesis of innocence—to wit, that appellant only intended to burn personal reminders of his prior relationship—may have addressed appellant's motive, but his conduct, here, establishes malice. See Hamm, 16 Va. App. at 154, 428 S.E.2d at 520 (defining "malice" as the "purposeful intent to do a wrongful act"). Here, the undisputed evidence was that appellant intentionally started the fire in his bedroom located in the basement of his parents' house. Accordingly, the Commonwealth produced evidence sufficient to enable a trier of fact to determine beyond a reasonable doubt that appellant acted with malice. Taken as a whole, the evidence was sufficient to enable a trier of fact to exclude all reasonable hypotheses or conclusions inconsistent with appellant's guilt. Therefore, finding that the trial court's conclusion was not plainly wrong and was supported by competent evidence, this Court affirms the ruling of the trial court.

## IV. CONCLUSION

For the foregoing reasons, this Court affirms appellant's convictions.

<u>Affirmed.</u>