## Richmond
### KEVIN WINZELL BELL
v.
### COMMONWEALTH OF VIRGINIA
No. 0869-88-2
Decided January 2, 1991

Counsel

Cheri Hodges (Robert B. Brown; Wells, Paris & Brown, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**COLEMAN, J.**—In a bench trial in the Circuit Court of Chesterfield County, Kevin Winzell Bell was convicted of arson, Code § 18.2-79, attempted capital murder, Code § 18.2-31(d), and three counts each of robbery, Code § 18.2-58, and use of a firearm in the commission of a felony. Code § 18.2-53.1. Bell appeals the arson and attempted capital murder convictions, in each case challenging the sufficiency of the evidence. We find the evidence sufficient and affirm the convictions. Because the trial court imposed a sentence for the arson conviction which exceeded that authorized by statute, we reverse that portion of the decision and remand for resentencing.

■ On appeal we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Guided by that familiar principle, the record reveals that on July 11, 1987, Bell and three companions drove to a turkey shoot clubhouse with the intent to rob its patrons. They knew that there would be people there gambling. They stopped at a store on the way and bought a gallon of gasoline, which Bell placed just outside the clubhouse door before the four men entered. Upon entering, one of the robbers fired a shotgun into the ceiling; another pointed his gun at a victim's head and said, "Put your hands up or we'll blow your head off." While Bell took money from those present, one of Bell's companions fired a shot past the head of one victim when he attempted to hide his wallet. After they had collected the money from their victims, two of the robbers left the building. Bell then brought the gasoline inside and poured it on a foam rubber cushion he had grabbed from a couch and had placed in front of the only exit from this part of the building. Bell's companion told Bell to strike the match. The two then fled to join the others after the fire ignited. One of them said to the victims, "This is not going to hurt you—this is just going to slow you down." He then told the victims to stay in the building for ten minutes or they would be shot. One of the victims testified that the fire was so intense that, standing twenty feet away, he instantly felt the heat on his back. Thick black smoke immediately filled the flimsy plywood structure. The victims had to kick through the back wall of the building in order to escape. No one was injured.

## ARSON

■ Bell was convicted of violating Code § 18.2-79, for malicious burning of a meeting house. At oral argument he abandoned the contention which he had raised on brief that the evidence was insufficient to establish that the structure had actually burned. His sole argument was that the evidence does not support a finding of malice. We disagree. "Maliciously" is not specifically defined in Code § 18.2-79. No Virginia case distinguishes the malice which is a necessary element of arson from the malice which has been required in other common law crimes. It is well-settled in Virginia that

[m]alice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necesarily [sic] result in injury. Its existence is a question of fact to be determined by [the trier of fact].

*Long v. Commonwealth*, 8 Va. App. 194, 198, 379 S.E.2d 473, 475-76 (1989). We hold that Bell's conduct in placing a foam rubber cushion in front of the door of the plywood structure, dousing it with gasoline, and striking a match to it showed enough ill will to support the trial judge's finding of malice. Because this finding of fact is not plainly wrong or without evidence to support it, we will not disturb it on appeal. *Higginbotham*, 216 Va. at 352, 218 S.E.2d at 537.

## ATTEMPTED CAPITAL MURDER

Bell was convicted of three counts of attempted capital murder with the use of a deadly weapon during the commission of robbery. Code § 18.2-31(d). An attempt to commit a crime consists of (1) the specific intent to commit the particular crime, and (2) an ineffectual act done towards its commission. *Lynch v. Commonwealth*, 131 Va. 762, 109 S.E. 427 (1921). The Commonwealth's burden in a prosecution for attempted capital murder is to prove (1) the specific intent to commit capital murder, and (2) an ineffectual act done towards its commission.

Bell argues that the evidence is insufficient to show that he had the requisite specific intent to kill. We find his argument without merit. "[S]pecific intent may, like any other fact, be shown by circumstances. Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it." *Banovitch v. Commonwealth*, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954). The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact. *Johnson v. Commonwealth*, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968). The fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts. *See Sandstrom v. Montana*, 442 U.S. 510, 522-23 (1979); *Stokes v. Warden*, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983).

■ Bell and his companions voluntarily brandished firearms and fired them near the victims. Bell voluntarily carried a gallon of gasoline into the flimsy wooden structure and poured it onto a foam rubber cushion which he deliberately placed in front of the only exit from the building. His confederate then told him to ignite the cushion. The trial judge reasonably could have inferred from the resulting fire that Bell ignited the gasoline soaked cushion. Threats were made to the victims that they would be shot if they left the building. Taken together, this evidence is sufficient for the fact finder to have inferred that the natural, direct, and immediate consequences of Bell's voluntary acts would be death of the occupants, either by fire or by gunshot, and that Bell intended these results. The mere possibility that the accused might have had another purpose than that found by the fact finder is insufficient to reverse the conviction. *Johnson,* 209 Va. at 295, 163 S.E.2d at 570. We must, therefore, disregard one of the robbers' last minute expressions of goodwill that the fire was intended only to slow the victims down, since the evidence supports the fact finder's decision that they intended otherwise.

## SENTENCING

Arson under Code § 18.2-79 is a Class 3 felony. Code § 18.2-10 sets the maximum term of imprisonment for a Class 3 felony at twenty years. The trial court sentenced Bell for his arson conviction to thirty years in the penitentiary, with twenty years suspended. The excessive portion of Bell's sentence is invalid. *Deagle v. Commonwealth,* 214 Va. 304, 305, 199 S.E.2d 509, 510-11 (1973); *Royster v. Smith,* 195 Va. 228, 237, 77 S.E.2d 855, 860 (1953). Because we cannot summarily reduce Bell's sentence, we remand the case to the trial court for resentencing. *See Deagle,* 214 Va. at 306, 199 S.E.2d at 511; *Hodges v. Commonwealth,* 213 Va. 316, 321, 191 S.E.2d 794, 797 (1972).

For the foregoing reasons, Bell's convictions are affirmed. His sentence for the arson is reversed and remanded to the trial court for resentencing.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Barrow, J., and Benton, J., concurred.