COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


DONALD D. LEWIS, S/K/A
 DONALD DANE LEWIS, III
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2504-95-2        JUDGE SAM W. COLEMAN III
                                        DECEMBER 3, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                   James F. D'Alton, Jr., Judge

            M. Duncan Minton, Jr. (White, Hamilton, Wyche
            & Shell, on briefs), for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Donald D. Lewis was convicted in a bench trial of

maliciously setting a fire in the Dinwiddie County jail in

violation of Code § 18.2-77.  On appeal the defendant challenges

the sufficiency of the evidence to support the conviction.

Specifically, he contends that the Commonwealth failed to prove

(1) that the fire was not accidental, and (2) that he had the

requisite intent to burn the jail.  We find the evidence

sufficient and affirm the defendant's conviction.

     In order to convict an accused, the Commonwealth must prove

beyond a reasonable doubt "each and every constituent element" of

the crime.  Hamm v. Commonwealth, 16 Va. App. 150, 153, 428

S.E.2d 517, 520 (1993).  To establish arson under Code § 18.2-77,

---

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the Commonwealth must prove that "the fire was of incendiary origin and that the accused was a guilty agent in the burning." Augustine v. Commonwealth, 226 Va. 120, 123, 306 S.E.2d 886, 888 (1983). An incendiary fire is one that involves a deliberate or intentional burning of property. See Callahan v. Commonwealth, 8 Va. App. 135, 138, 379 S.E.2d 476, 478 (1989); Webster's Third New International Dictionary 1141 (1981). Whether a fire is incendiary or accidental is an ultimate question of fact to be determined by the fact finder. Ramsey v. Commonwealth, 200 Va. 245, 250-51, 105 S.E.2d 155, 159 (1958).

The determination of whether a fire is accidental or incendiary in nature often is proven solely by circumstantial evidence. Where no direct evidence establishes how a fire started, there is a rebuttable presumption that the fire was caused by accident instead of by arson. Cook v. Commonwealth, 226 Va. 427, 431-32, 309 S.E.2d 325, 328 (1983); Knight v. Commonwealth, 225 Va. 85, 89, 300 S.E.2d 600, 601-02 (1983); Simmons v. Commonwealth, 208 Va. 778, 782, 160 S.E.2d 569, 572 (1968). However, when there is direct evidence as to how a fire started, the presumption of accidental cause does not apply and the fact finder must determine from the direct evidence whether the fire was incendiary or accidental.

Here, the defendant testified that he and his cellmate were "plucking" matches in their cell, which involves intentionally lighting a match and tossing it in the air. As he walked out of

- 2 -

the room, the defendant plucked one more match into the cell and went to use the phone. The arson investigator testified that all accidental causes, such as mechanical or electrical defects, were eliminated as having caused the fire. He also testified that throwing a match onto the mattress on the bottom bunk could have caused the fire. The evidence was sufficient to prove that the fire ignited on the mattress. Thus, the dispositive question is whether the evidence is sufficient to prove beyond a reasonable doubt that the defendant had the specific intent to burn the mattress.

The trial judge found that the fire was not accidental. The decision of the trial court sitting without a jury is afforded the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it. King v. Commonwealth, 217 Va. 601, 604, 231 S.E.2d 312, 315 (1977).

> Code § 18.2-77(A) states, in pertinent part,
>     If any person maliciously (i) burns . . . in whole or in part, or causes to be burned or destroyed, or (ii) aids, counsels or procures the burning or destruction of . . . any occupied jail or prison, he shall be guilty of a felony . . . . Any person who maliciously sets fire to anything, or aids, counsels or procures the setting fire to anything, by the burning whereof such occupied . . . jail or prison, is burned shall be guilty of a violation of this subsection.

(Emphasis added). Malice, which the Commonwealth must prove in arson cases, is no different from that required in other common

law crimes.  Bell v. Commonwealth, 11 Va. App. 530, 532, 399 S.E.2d 450, 452 (1991).

> It is well-settled in Virginia that "[m]alice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will.  It may be directly evidenced by words, or inferred from acts and conduct which necesarily [sic] result in injury.  Its existence is a question of fact to be determined by [the trier of fact]."

Id. at 532-33, 399 S.E.2d at 452 (quoting Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 475-76 (1989)).

Relying upon familiar principles, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Lewis testified that he was away from his cell for only three or four minutes before returning to find a fire on his mattress consisting mostly of smoke with a flame seven or eight inches high.  He also testified that the fire was not touching the upper bunk.  However, the arson investigator testified that the physical damage to the cell was consistent with heavy fire damage caused by direct flame impingement or contact on the top bunk, radiant heat severe enough to cause blistering of paint on the

walls, and heavy smoke damage.  The physical evidence, including the intensity of the fire and the damage caused, was inconsistent with the defendant's explanation that he had accidentally set a small fire which was extinguished when it was momentarily discovered.

As the trier of fact, a trial judge is entitled to reject testimony he finds implausible.  Durham v. Commonwealth, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973).  Here, the trial judge was justified in finding the defendant's testimony that the fire was accidental to be incredible and in finding that the physical evidence proved that the defendant intentionally threw a match on the lower bunk and left the area until the fire had caused substantial damage.  Furthermore, the facts show that, on the night of the fire, the defendant gave a false account of events when he denied having any involvement in setting the fire.  He only admitted any knowledge of the fire and offered an account that it was accidental when confronted with being given a polygraph test.  He also gave a fake account as to whether his cellmate was present when the fire ignited.  At trial, he explained that he lied "[b]ecause everybody was threatening whoever did it, bad threatening."  The trial judge did not accept this explanation.  "The fact finder need not believe the accused's explanation and may infer that he is trying to conceal his guilt."  Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981).  The evidence supports the trial judge's finding

that the defendant possessed the specific intent to burn the mattress.

Accordingly, the evidence is sufficient to support the defendant's arson conviction, and we affirm the trial court's decision.

<u>Affirmed.</u>