COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Annunziata and Overton
Argued at Richmond, Virginia


CORBET L. BANKS, S/K/A
 CORBETT BANKS

                                        MEMORANDUM OPINION* BY
v.  Record No. 2640-95-2            JUDGE JAMES W. BENTON, JR.
                                          JANUARY 7, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      Buford M. Parsons, Judge

          Stephen T. Harper (Bradford F. Johnson;
          Johnson & Walker, P.C., on brief), for
          appellant.

          Monica S. McElyea, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Corbett Banks appeals from his convictions for attempted

breaking and entering with the intent to commit assault and

battery while armed, see Code §§ 18.2-26 and 18.2-91, and for use

of a firearm in the commission of the felony.  See Code

§ 18.2-53.1.  He contends that the evidence was insufficient to

prove the offenses beyond a reasonable doubt and that his

sentence of twenty years for the attempted statutory burglary

offense exceeded the allowable range.  For the reasons that

follow, we uphold the convictions and remand for resentencing.

                                I.

     When the evidence is viewed in the light most favorable to

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the Commonwealth, see Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), the evidence proved that Mario Peagram and several of his friends fought with Corbett Banks' brother. The next day, Banks and his brother approached Rodney Daniel and Joyce Mosley at Mosley's apartment and asked if they had seen Peagram. Banks told Daniel that Peagram had beaten his brother and that something bad would happen to Peagram.

Later, when Peagram got off the school bus, he saw Banks and his brother in the parking lot approximately fifty feet away. He also noticed that Banks and his brother both had guns that were visible. Peagram ran to a place where he had hidden a gun. Peagram retrieved the gun and put it in his waistband.

Shortly after Peagram armed himself, he saw Banks and his brother approaching him from approximately thirty to forty feet. When Banks displayed his gun, Peagram ran into Mosley's apartment. Daniel, who was standing outside Mosely's apartment, saw Peagram run into the apartment and observed Banks approaching with a gun. Daniel then gathered children into the apartment and closed the door. Banks ran to the closed door and kicked it eight or nine times while yelling, "Let me in, let me in, open the door." Mosley called the police. After Daniel yelled two or three times to Banks that they had called the police, Banks ran away.

## II.

If any person in the daytime breaks and enters a dwelling

- 2 -

house with the intent to commit assault and battery, that person shall be guilty of statutory burglary.  See Code §§ 18.2-90, 18.2-91.  "[I]f the person was armed with a deadly weapon at the time of such entry, [that person] shall be guilty of a Class 2 felony."  Code § 18.2-91.  "An attempt . . . is an unfinished crime . . . composed of . . . the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design."  Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968).  "Intent . . . may . . . be inferred from the surrounding facts and circumstances."  Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979).

The record contains sufficient evidence to prove beyond a reasonable doubt that Banks attempted to break and enter the residence.  Although Banks testified that he did not kick the door with the intent to enter the apartment, the trier of fact was not required to believe his testimony.  See Stegall v. Commonwealth, 208 Va. 719, 722, 160 S.E.2d 566, 568 (1968).  The trier of fact is the judge of the credibility of witnesses, see Barker v. Commonwealth, 230 Va. 370, 373, 337 S.E.2d 729, 732 (1985), and thus, "is not required to accept, in toto," the testimony of any witness.  Belton v. Commonwealth, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958).

The evidence proved that Banks displayed his gun when he chased Peagram into the apartment.  Banks kicked the door during

the pursuit. Moreover, Banks stated to a police officer that when he hit the door, he was trying to get into the apartment. Banks' conduct and his statement were sufficient to prove beyond a reasonable doubt that he kicked the door in an attempt to enter.

In addition, the evidence was sufficient to prove beyond a reasonable doubt that Banks was armed and intended to commit assault and battery upon Peagram. The evidence proved that Banks was armed when Peagram got off of the bus. He then pursued Peagram. The evidence further proved that Banks had earlier threatened to harm Peagram. From this evidence, the trier of fact could have inferred beyond a reasonable doubt that when Banks chased Peagram he did so with the intent to commit assault and battery. Thus, the evidence was sufficient to prove each element of the offense beyond a reasonable doubt.

III.

The criminal offense of attempted breaking and entering with the intent to commit assault and battery while armed with a deadly weapon is punishable as a Class 4 felony. Code §§ 18.2-91 and 18.2-26. The authorized punishment "[f]or Class 4 felonies . . . [is] a term of imprisonment of not less than two years nor more than ten years and . . . a fine of not more than $100,000." Code § 18.2-10(d). The trial judge sentenced Banks to twenty years in prison with twenty years suspended.

The Commonwealth agrees that the trial judge erred in

- 4 -

sentencing Banks.  "Because we cannot summarily reduce [Banks']

sentence, we remand the case to the trial court for

resentencing."  Bell v. Commonwealth, 11 Va. App. 530, 534, 399

S.E.2d 450, 453 (1991).

Affirmed in part, reversed
in part, and remanded.
