COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Elder and Bray
Argued by Teleconference


BRUCE ELLIOTT DAVIS
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1244-95-3      JUDGE LARRY G. ELDER
                                         MARCH 25, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                       Martin F. Clark, Jr., Judge

            Rickey G. Young for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Bruce Elliott Davis (appellant) appeals his convictions of

attempted capital murder and use of a firearm in the commission

of a felony.  He contends that the evidence was insufficient to

support either conviction.  For the reasons that follow, we

affirm.

     Appellant contends that the evidence was insufficient to

support his conviction of attempted capital murder.  Appellant

argues that the evidence failed to prove that he had the specific

intent to kill Corporal Thomas or that his actions constituted

more than mere preparatory acts.  We disagree.

     "[W]hen the question of the sufficiency of the evidence is

raised on appellate review, we must determine whether a

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

reasonable fact finder could have found from the evidence before it that guilt had been proved beyond a reasonable doubt. Furthermore, when reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth, granting all reasonable inferences fairly deducible from the evidence." Crump v. Commonwealth, 20 Va. App. 609, 617, 460 S.E.2d 238, 241-42 (1995). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

To sustain a conviction for attempted capital murder, the evidence must establish "'both a specific intent to kill the victim and an overt but ineffectual act committed in furtherance of the criminal purpose.'"[1] Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992) (quoting Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987)). In a prosecution for attempted capital murder, it is well established that:

> [t]he act must be done with the specific
> intent to commit a particular crime. . . .
>  To do an act with intent to commit one crime
> cannot be an attempt to commit another crime,
> though it might result in such other

---

[1]Capital murder includes "[t]he willful, deliberate, and premeditated killing of a law-enforcement officer . . . when such killing is for the purpose of interfering with the performance of his official duties."  Code § 18.2-31(6).

crime. . . . [T]o be guilty of an attempt to murder there must be a specific intent to kill.

Thacker v. Commonwealth, 134 Va. 767, 770-71, 114 S.E. 504, 506 (1922).

[S]pecific intent may, like any other fact, be shown by circumstances. Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it. The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact. The fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts.

Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991) (citations omitted).

We hold that the evidence was sufficient to prove that appellant had the specific intent to kill Corporal Thomas. The record shows that appellant had previously eluded arrest for murder by jumping from a second story window after stating that he would resist any attempts to "take [him] to jail." When the police surrounded appellant in Martinsville several weeks later, he sat in the car with his loaded gun for about four minutes, defying the repeated orders of the police to display his hands. Then, within a span of about ten seconds, he sprang to his feet, pointed his gun at Corporal Thomas, who immediately backed away, and scampered across the front seat to the open driver's side door. When appellant emerged from the car, rather than continuing his attempt to escape, he looked at Corporal Thomas,

pivoted in his direction and then started bringing his gun towards him.  Although appellant's prior actions and words during his escape from Roanoke indicate only that his state of mind was to elude capture, his intent to kill could reasonably be inferred from the fact that he interrupted his flight from the car to pivot towards Corporal Thomas.  Corporal Thomas was only four feet away from appellant and presumably in position to tackle him unless appellant's escape from the car was swift.  Instead of continuing his forward movements from the car door, appellant turned toward his left and started moving his gun towards Corporal Thomas.  In these circumstances, it was reasonable for the trial court to infer that appellant had formed the specific intent to fire his weapon and kill Officer Thomas.

Appellant's reliance on Martin is misplaced.  13 Va. App. 524, 414 S.E.2d 401 (1992).  In Martin, we reversed the defendant's conviction for attempted capital murder even though the evidence showed that the defendant swung a knife just under the chin of a police officer after saying "I'm going to kill you." Id. at 526, 414 S.E.2d at 402.  Appellant contends that we held in Martin that the evidence was insufficient to prove specific intent to kill.  However, appellant misstates both the issue and holding in Martin.  The issue in Martin was the trial court's failure to give a jury instruction proposed by the defendant, not the sufficiency of the evidence to prove specific intent.  We held that the evidence, when viewed in the light most

favorable to the defendant, supported an instruction on the lesser-included charge of simple assault. Id. at 527-29, 414 S.E.2d at 402-04. Because the issue in this case is the sufficiency of the evidence, for which we view the evidence in the light most favorable to the Commonwealth, Martin has no application to this case.

In a prosecution for attempt, the act shown by the Commonwealth "need not . . . be the last proximate act to the consummation of the crime in contemplation." Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 214 (1978). Instead, it "is sufficient if it be an act apparently adopted to produce the result intended. It must be something more than mere preparation." Id.

> [T]he question of what constitutes an attempt is often intricate and difficult to determine, and . . . no general rule can be laid down which will serve as a test in all cases. Each case must be determined on its own facts.

Id. at 985, 243 S.E.2d at 215.

We hold that the evidence was sufficient to prove that appellant committed acts towards the commission of capital murder. The evidence showed that appellant sat in the front seat of the car with a loaded gun for four minutes, refusing to comply with the fervent orders of the police to show his hands. While still inside the car, appellant pointed his gun at Corporal Thomas, who was blocking the open driver's side doorway. Then, after Corporal Thomas backed away and appellant emerged from his

cleared escape route, appellant pivoted in the direction of Corporal Thomas and began raising his weapon toward him. Although appellant was unable to perform the last proximate act of firing his gun, a fact finder could reasonably conclude that appellant's movements to reposition himself and his firearm were adopted to produce his intended result, the murder of Corporal Thomas.

Appellant contends that the evidence is insufficient to prove an overt act because he neither contained, threatened nor fired upon Officer Thomas. However, in Bottoms v. Commonwealth, we held that the evidence was sufficient to prove that the defendant committed acts in furtherance of his intent to murder even though he did none of the acts that appellant argues are necessary to support his conviction in this case. 22 Va. App. 378, 383, 470 S.E.2d 153, 156 (1996) (holding that approaching a police officer in a car and attempting to lure him to the driver's window while holding a loaded revolver constituted overt acts sufficient to support conviction for attempted capital murder).

We also disagree with appellant that this case is altogether distinguishable from Sizemore. In Sizemore, the defendant approached the police officer with a loaded rifle, aimed it at him and threatened repeatedly to kill him. 218 Va. at 985, 243 S.E.2d at 215. Even though the defendant never actually fired his rifle, the Virginia Supreme Court held that these actions

"were all acts which the trial court could have found were done in furtherance of the intent previously formed by the defendant to murder [the officer]."  Id. at 986, 243 S.E.2d at 215-16. Similarly, in this case, appellant aimed his loaded gun at Corporal Thomas while he was in the car and attempted to aim at him again after he partially emerged from the car.  Even though appellant did not also verbally threaten Corporal Thomas, the trial court could have reasonably concluded that appellant's actions amounted to the commencement of the consummation of his murder of Corporal Thomas.

Appellant's sole contention regarding his conviction for use of a firearm in the commission of a felony is that the Commonwealth failed to prove the underlying felony of attempted capital murder.  Code § 18.2-53.1.  Because we affirm appellant's conviction of attempted capital murder, we hold that the evidence was sufficient to support his conviction under Code § 18.2-53.1.

For the foregoing reasons, we affirm the convictions.

Affirmed.