COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


NATHANIEL DENNIS

                                         MEMORANDUM OPINION[*] BY
v.    Record No. 1285-98-1        JUDGE JERE M. H. WILLIS, JR.
                                            OCTOBER 19, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Randolph T. West, Judge

          Oldric J. LaBell, Jr., for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     On appeal from his convictions of aggravated malicious

wounding, in violation of Code § 18.2-51.2, and attempted

murder, in violation of Code §§ 18.2-26 and 18.2-32, Nathaniel

Dennis contends that his constitutional right against double

jeopardy was violated by multiple punishments for the same

conduct.  Because this issue was not presented to the trial

court, we will not consider it on appeal.  See Rule 5A:18.  We

affirm the judgment of the trial court.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Late in the evening on October 9, 1997, Lynwood Harrison was working alone in his office at the Daily Press newspaper in Newport News.  Soon after midnight, Dennis approached Harrison while brandishing a length of pipe.  Dennis struck Harrison about the head three or four times and threatened him with a gun, saying, "If you resist any more, I will kill you."

Dennis then ordered Harrison to another location in the plant.  He forced Harrison to lie on the floor and began beating him on the arms and legs with the pipe.  He then warned Harrison to "[s]tay here and you just might live through this."  Dennis left the room, but returned a few minutes later and asked Harrison the location of a set of truck keys.

Dennis left the room and returned once more.  He lifted Harrison and placed him against a counter.  Soon thereafter, Harrison heard a door open and someone asked, "Is anyone here?" The door then closed.  Dennis then shot Harrison in the face three times and left.  The entire incident lasted approximately fifteen minutes.

At the conclusion of the Commonwealth's evidence, Dennis moved to strike the evidence on two grounds:  (1) that the evidence was insufficient to prove the permanent disability or injury required for a conviction of aggravated maiming, and (2) "I move to strike both charges or either, you know, either it's

-

an aggravated injury or, you know, it's an aggravated maiming."

The trial court denied this motion, and Dennis presented evidence.

At the conclusion of all the evidence, Dennis renewed his motion to strike, saying:

> Now, I want to just again renew my motion to strike, Judge, on the Commonwealth not bearing its burden on the aggravated malicious wounding. I think I need to renew that before the jury hears the arguments and I would ask the Court to strike that part of the indictment that deals with the aggravated part of the malicious wounding.

The trial court denied this motion. By presenting evidence, Dennis waived his initial motion to strike. "'It is well settled . . . that when a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case.'" Bagheri v. Commonwealth, 12 Va. App. 1071, 1074, 408 S.E.2d 259, 261-62 (1991) (citation omitted). Our consideration on appeal is limited to the scope of Dennis' renewed motion to strike.

Dennis contends on appeal that his convictions violate his constitutional right against double jeopardy. His renewed motion to strike cannot be read to embrace that issue or to address it to the trial court. At no other point in the trial proceeding did he address to the trial court a claim of a double

-

jeopardy violation.  Therefore, this issue is barred from our consideration on appeal.  See Rule 5A:18.

We find no basis to invoke the good cause exception to the operation of Rule 5A:18.  Whether multiple convictions and punishments may be imposed in a single prosecution arising out of a single incident is determined by the test set forth in Blockburger v. United States, 284 U.S. 299 (1932).

To support a conviction for attempted murder, "the evidence must establish . . . a specific intent to kill the victim . . . ."  Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987).  Malicious wounding requires proof of no such element.  Malicious wounding requires evidence of an actual physical injury.  See Code § 18.2-51.2.  Attempted murder requires only "an ineffectual act done towards [the commission of murder]."  Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991).  Proof of attempted murder does not require proof of an actual injury.  Each crime contains an element not contained by the other.  Thus, under the Blockburger test, neither aggravated malicious wounding nor attempted murder is a lesser-included offense of the other.

The brutal beating and severe injuries inflicted on Harrison by Dennis with the length of pipe support Dennis' conviction for malicious maiming.  The shots fired by Dennis into Harrison's face, a discrete event, support Dennis' conviction for attempted murder.

-

The judgment of the trial court is affirmed.

                                        <u>Affirmed.</u>