COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Clements and Haley
Argued at Chesapeake, Virginia


CEDRIC EUGENE LOGAN

v.      Record No. 3157-06-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT J. HUMPHREYS
JANUARY 8, 2008


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge[1]

Robert H. Knight, III, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Cedric Eugene Logan ("Logan") appeals his convictions of credit card theft, and credit

card forgery, in violation of Code §§ 18.2-192, and 18.2-193, respectively. He argues that the

trial court erred in failing to suppress an out-of-court and in-court identification based on a single

photograph shown to a witness during an investigation of an unrelated crime. For the following

reasons, we find no error and affirm Logan's convictions.

BACKGROUND

Under settled principles of appellate review, we view the evidence in the light most

favorable to the Commonwealth, the party prevailing below. Askew v. Commonwealth, 38

Va. App. 718, 722, 568 S.E.2d 403, 405 (2002). So viewed, the evidence established the

following.

_____

[1] Judge Charles D. Griffith, Jr., presided over the hearing on the motion to suppress.

Around noon on February 27, 2006, a man entered Littman's Pawn Shop in Norfolk and purchased a ring with a credit card. Edith Schlain ("Schlain") was the store employee who made the sale. Approximately five hours later the man returned and attempted to purchase another ring from Schlain with the same credit card. This time, Schlain spent "six or seven minutes" with the man in an attempt to complete the transaction. The credit card machine ultimately denied the purchase. When the machine declined the card, Schlain "knew there was going to be a problem," and thus became "more aware of [the man]." On March 12, 2006, Schlain received confirmation from the credit card company that the card was stolen.

On March 14, 2006, Investigator T.L. Sterling ("Sterling") of the Norfolk Police Department entered Littman's Pawn Shop, approached Schlain, and indicated that he was investigating a burglary that occurred earlier that month. Sterling showed Schlain a photo of Logan, and asked if she had seen him attempt to pawn any items in the store.[2] Schlain "instantly" recognized the photo and told Sterling that, while she had not seen him pawning any items in the store, she *had* observed him use a stolen credit card in the store. Sterling had no knowledge of the alleged credit card theft prior to this conversation.

On June 7, 2006, a grand jury indicted Logan for one count of credit card theft, and one count of credit card forgery. On July 20, 2006, the Circuit Court of the City of Norfolk ("trial court") held a suppression hearing, in which Logan requested the suppression of Schlain's testimony identifying him as the individual who used the stolen credit card at Littman's Pawn Shop. Logan argued that because Schlain had made the identification based on a showing of only one photograph, this identification was "so impermissibly suggestive as to give rise to a substantial likelihood of mistaken identification." The trial court denied Logan's motion, ruling

---

[2] Sterling showed Schlain a set of front and side view photographs of Logan from "PISTOL," a database used by law enforcement agencies to store photos of arrestees.

- 2 -

that the identification was not unduly suggestive because Schlain had spontaneously recognized

Logan by pure coincidence, in what was not a photographic identification procedure, but an

investigation of an unrelated crime.[3]

After a bench trial held on September 19, 2006, in which Schlain identified Logan as the

individual using the stolen credit card at Littman's Pawn Shop, the trial court convicted Logan of

both charges.  Logan now appeals.

ANALYSIS

Logan argues on appeal, as he did in the trial court, that all testimony identifying Logan

as the user of the credit card should be suppressed because it resulted from an impermissibly

suggestive identification technique.  We disagree.

On review of the denial of a motion to suppress, "we are bound by the trial court's

findings of historical fact unless 'plainly wrong' or without evidence to support them[.]"  McGee

v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*).  However, we

review *de novo* the trial court's application of legal standards to the particular facts of the case.

Ornelas v. United States, 517 U.S. 690, 699 (1996).

I.  The Out-of-Court Identification

We first consider Schlain's out-of-court identification of Logan.  In Neil v. Biggers, 409

U.S. 188 (1972), the United States Supreme Court established the criteria to determine the

admissibility of an out-of-court identification.  Evidence of an out-of-court identification is

admissible at trial if either "(a) the identification was not unduly suggestive, or (b) the procedure

---

[3] The trial court further stated:  "this one . . . is so far off-base that I almost wonder if it's not bad faith in filing this motion because [counsel for Logan] didn't even have a case remotely similar to these facts to support this motion to suppress."  We recognize the ethical duty of counsel to zealously represent his client.  Thus, we do not share the trial court's ire at novel legal arguments so long as they are properly preserved below and presented and argued to this Court consistent with the Rules of the Supreme Court of Virginia.

was unduly suggestive, but the identification is nevertheless so reliable . . . that there is no substantial likelihood of misidentification." Hill v. Commonwealth, 2 Va. App. 683, 693, 347 S.E.2d 913, 918 (1986) (citing Biggers, 409 U.S. at 199). See also Manson v. Brathwaite, 432 U.S. 98 (1977). In Curtis v. Commonwealth, 11 Va. App. 28, 396 S.E.2d 386 (1990), which Logan cites, we held the use of a single photo display to be "one of the most suggestive methods of identification and impermissibly suggestive *per se*." Id. at 31, 396 S.E.2d at 388 (citing Wise v. Commonwealth, 6 Va. App. 178, 184, 367 S.E.2d 197, 200-01 (1988)).

Logan's argument relies on an out-of-context interpretation of Curtis. The Supreme Court of the United States in Biggers, and this Court in Hill and Curtis, envisioned a predicate factual scenario that is perhaps so obvious that it was hardly discussed in any of the cases. That scenario is one in which police are attempting to *confirm* the identity of a suspect to a specific crime. Law enforcement officers then allow witnesses *to that particular crime* to observe a group of individuals in person, or in a photo. The person the police suspect is among the individuals that the law enforcement officers display to the witnesses, with the ultimate purpose being to confirm that the suspect is the perpetrator of the crime. Furthermore, a person who has just witnessed a crime must ordinarily "testify about an encounter with a total stranger under circumstances of emergency or emotional stress." Manson, 432 U.S. at 112. Therefore, "[s]uggestive [identification procedures] are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous." Biggers, 409 U.S. at 198. Thus, when law enforcement officers show a witness to a crime only a single photograph of the person they suspect of that crime, the procedure is suggestive and increases the danger of that witness misidentifying the individual in the photo as the individual he or she witnessed committing the crime.

- 4 -

The constitutional remedy for a violation of due process by an impermissively suggestive out-of-court identification is its evidentiary exclusion, unless it can be shown to be otherwise reliable. However, "[t]he exclusionary rule, created with the intent of deterring police misconduct," protects constitutional rights "'generally, through its deterrent effect, rather than [protecting] a personal constitutional right of the party accused.'" Anzualda v. Commonwealth, 44 Va. App. 764, 779, 607 S.E.2d 749, 756 (2005) (*en banc*) (quoting United States v. Leon, 468 U.S. 897, 906 (1984)).[4]

In this case, Sterling was investigating a burglary, and had no knowledge that a credit card forgery had occurred at Littman's Pawn Shop. Because Sterling was not aware of this until after Schlain had seen the photo, there is no possibility that Sterling could have manipulated Schlain or misled her into identifying Logan as the individual who had used the stolen credit card. Thus, whatever the suggestive nature of a single photograph, there was no police misconduct involved in Schlain's identification of Logan, and excluding this evidence would not serve the exclusionary rule's stated purpose of deterrence.

Furthermore, when Schlain saw Logan's photograph, she "instantly" recognized him as the individual who had used the stolen credit card on February 27. Thus, Schlain's recognition of Logan was purely coincidental, and not due to any overly suggestive nature of the photograph or the manner of its display. Therefore, the predicate factual scenario as envisioned by Biggers

---

[4] In deciding Manson, the United States Supreme Court "conclude[d] that reliability is the linchpin in determining the admissibility of identification testimony[.]" 432 U.S. at 114. The Court held that a "totality of the circumstances" test for determining the reliability of an otherwise unduly suggestive identification procedure was the proper method for determining its admissibility. The Court approved this approach rather than an automatic exclusionary rule for unduly suggestive identifications. Id. However, in arriving at this conclusion, the Court noted that one factor it considered in approving the "totality of the circumstances" test over automatic exclusion was the deterrence of police misconduct. Id. at 112. Therefore, we interpret Manson to hold that deterrence of police misconduct is also a relevant factor in determining the admissibility of an out-of-court identification.

and <u>Curtis</u> and the corresponding potential for police-influenced misidentification is not present in this case. Thus, we conclude that the photographic display that Schlain observed did not violate Logan's rights to due process, despite the fact that it consisted of only one photograph. In other words, the rule expressed in <u>Curtis</u>, that a single photo display is "impermissibly suggestive *per se*[,]" 11 Va. App. at 31, 396 S.E.2d at 388, simply does not apply to this situation. Thus the photographic display was not unconstitutionally suggestive. We therefore need not decide whether it was otherwise reliable.

## II. The In-Court Identification

Having concluded that the out-of-court identification was not unconstitutionally suggestive, we must also conclude that no basis exists for excluding the in-court identification made at trial. <u>See</u> <u>Blevins v. Commonwealth</u>, 40 Va. App. 412, 426, 579 S.E.2d 658, 665 (2003) ("Because the admission of the pre-trial identifications was not error, no basis exists for excluding the in-court identifications.").

## CONCLUSION

For the reasons stated, we hold that the photo identification procedure used in this case did not violate Logan's right to due process under the Fourteenth Amendment. Consequently, we find no error in the trial court's denial of Logan's motion to suppress, and we affirm Logan's convictions.

<u>Affirmed.</u>