COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Humphreys and Alston
Argued by teleconference


JACQUELINE CRISTINA STINESPRING

MEMORANDUM OPINION* BY
v.      Record No. 1190-08-3          JUDGE ROSSIE D. ALSTON, JR.
                                      APRIL 28, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BATH COUNTY
Humes J. Franklin, Jr., Judge

Timothy G. Clancy (Moschel & Clancy, P.L.L.C., on brief), for
appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Jacqueline Cristina Stinespring (appellant) was convicted in a bench trial of four counts

of embezzlement, in violation of Code § 18.2-111.  On appeal, appellant contends the trial court

erred in finding the evidence sufficient to prove she acted with the requisite intent to defraud.

For the reasons that follow, we reverse the trial court's judgment, vacate appellant's convictions,

and dismiss the indictments.

I.  BACKGROUND

"Under settled principles of appellate review, we view the evidence in the light most

favorable to the Commonwealth, the party prevailing below."  Logan v. Commonwealth, 51

Va. App. 111, 113, 655 S.E.2d 30, 31 (2008).  So viewed, the evidence established that Bacova

United (Bacova) is a non-profit corporation formed to manage the common areas of a residential

real estate development in Bath County.  Appellant served as treasurer of Bacova from

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

approximately 1992 to 2005. In that role, appellant maintained Bacova's common areas and ensured payment of Bacova's expenses. Specifically, appellant wrote checks from Bacova's bank account to pay for mowing, for Bacova's fees and taxes, and for painting a building located in the neighborhood's common area.

On December 21, 2006, Virginia State Police Special Agent Alan Brown interviewed appellant regarding alleged irregularities in Bacova's bookkeeping pertaining to four checks: (1) check 320, payable to cash for $1,920 and dated May 24, 2000; (2) check 327, payable to appellant for $240 and dated January 4, 2001; (3) check 354, payable to appellant for $240 and dated May 6, 2003; and (4) check 377, payable to appellant for $240 and dated November 16, 2004. Appellant made notations in the checks' memo sections and in the corresponding check ledger book, accounting for the amounts as fiscal year administrative services, charges, or expenses.

At trial, Brown testified that appellant admitted she wrote the checks in order to recoup personal expenses she paid out of pocket for several years. Appellant further stated to Brown that the amounts were itemized, but she failed to produce any documentation or receipts for verification of the reimbursements. Appellant explained to Brown that "she felt like she was working and she assumed that $20 a month would cover her expenses." Appellant also stated that check 320 constituted a larger sum reflecting eight years of monthly payments. Appellant acknowledged she did not have authorization to pay herself but claimed "she [did not] have anyone that she could have gone to to get authorization." Appellant claimed she was "the only one at Bacova who took care of Bacova."

Letitia Haynes, a resident of the real estate development managed by Bacova, testified that she was involved with Bacova since its inception. When appellant moved from the neighborhood and relinquished her duties as the treasurer in fall 2005, Haynes requested that

appellant return the Bacova checkbooks and ledgers. Appellant returned the checkbooks six months after Haynes' request. Haynes further testified that she was not an officer or director of Bacova until 2007. Haynes confirmed that between 1987 and May 2006, Bacova had one formal meeting on June 3, 1998 involving the church sale. Haynes also stated that Bacova had no regular or annual meetings and conducted "a lot of informal transacting of community business just across the fence or at social events or picnics or parties."

At the conclusion of the Commonwealth's case, appellant moved to strike the evidence on the grounds that the Commonwealth failed to prove she acted with fraudulent intent when she paid herself with Bacova funds and that she had a claim of right defense. The trial court denied appellant's motion. In doing so, the trial court found appellant "failed to proffer any evidence substantiating [the] expenses." Finding that the check sums were "seemingly arbitrary," that appellant wrote the checks in secrecy, and that appellant's check register documentation "[did] not mean that [appellant] appropriated Bacova funds openly and without concealment or deception," the trial court concluded that her reimbursement claim was "unpersuasive and unsupportive of her claim of right defense." Accordingly, the trial court convicted appellant of four counts of embezzlement, in violation of Code § 18.2-111.

This appeal followed.

## II. ANALYSIS

On appeal, appellant contends the trial court erred in finding the evidence sufficient to prove she acted with the requisite intent to defraud when she issued four checks to herself from Bacova's checking account.[1] We agree with appellant.

---

[1] Appellant also claims she had no criminal intent because the evidence proves she acted under a bona fide claim of right. See Whitlow v. Commonwealth, 184 Va. 910, 918, 37 S.E.2d 18, 21 (1946) (finding no criminal intent where the property was taken under an honest belief that the accused had a bona fide claim of right to do so). Because we conclude the

- 3 -

In reviewing the sufficiency of the evidence to support a conviction, "we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). We will affirm the conviction "unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

"To establish the crime of embezzlement under Code § 18.2-111, the Commonwealth must prove that the accused wrongfully appropriated to his or her own use or benefit, with the intent to deprive the owner thereof, the property entrusted or delivered to the accused." Zoretic v. Commonwealth, 13 Va. App. 241, 243, 409 S.E.2d 832, 833-34 (1991). "Intent must often be proved by circumstantial evidence," Dove v. Commonwealth, 41 Va. App. 571, 578, 586 S.E.2d 890, 894 (2003), such as the words or conduct of the accused, Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991); see Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) ("Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence.").

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "'Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.'" Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002) (quoting Archer v. Commonwealth, 26 Va. App. 1, 12-13,

Commonwealth failed to prove appellant had fraudulent intent, we need not address whether appellant had a claim of right defense.

- 4 -

492 S.E.2d 826, 832 (1997)). "When facts are equally susceptible to more than one interpretation, one which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt an inculpatory interpretation." Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998).

In this case, the evidence established that appellant was the treasurer and sole officer of Bacova for thirteen years. During this time, Bacova had only one formal meeting and otherwise conducted community business "across the fence or at social events or picnics." In appellant's role as treasurer, she ensured that the common areas of the neighborhood were properly maintained. It is clear from the evidence that appellant had the general authority to write checks from Bacova's bank account to perform her duties. Indeed, the Commonwealth failed to establish what limits, if any, existed on her authority to expend funds as the only apparent officer of Bacova. Appellant wrote checks to pay for mowing Bacova's common areas, for the payment of Bacova's fees and taxes, and for the cost incurred for painting a building on Bacova property. During the course of performing these tasks, appellant also expended her time and incurred personal expenses. Assuming she had authority to do so, but without specific authorization, appellant wrote and cashed four checks as payment for her time and to reimburse herself for expenses. Appellant paid herself at a rate of $20 per month. At no point during her tenure as treasurer did she conceal the payments.

From this evidence, the trial court convicted appellant because she failed to prove she had a bona fide claim of right to the payments. In doing so, the trial court required that appellant prove a claim of right defense notwithstanding the Commonwealth's failure to prove the requisite intent to defraud required to convict her of embezzlement. In addition, the trial court necessarily concluded that appellant's lack of actual authority to pay herself for time and expenses was the legal equivalent of intent to defraud. "A fraudulent or dishonest act is one

- 5 -

which involves bad faith, a breach of honesty, a want of integrity, or moral turpitude. None of these elements appears here." Hartford Accident and Indem. Co. v. Singer, 185 Va. 620, 625, 39 S.E.2d 505, 507 (1946). Under these circumstances, it was error for the trial court to shift the burden of proving a claim of right defense to appellant when the Commonwealth failed to prove the requisite intent to defraud. See Martin v. Commonwealth, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992) (en banc) ("[The Commonwealth] is burdened with proving beyond a reasonable doubt each and every constituent element of a crime before an accused may stand convicted of that particular offense."). Where, as here, "the Commonwealth's evidence failed to exclude the reasonable hypothesis of innocence that [appellant] acted without fraudulent intent, . . . no rational trier of fact could find [her] guilty beyond a reasonable doubt." Dove, 41 Va. App. at 581, 586 S.E.2d at 895. We conclude, therefore, that the trial court erred in finding the evidence sufficient to prove appellant had the requisite intent to defraud to support her embezzlement convictions.

### III. CONCLUSION

For these reasons, we reverse the trial court's judgment, vacate appellant's convictions, and dismiss the indictments.

Reversed, vacated, and dismissed.