COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Causey
Argued at Richmond, Virginia

BRUCE ERIC ANDERSON

v.      Record No. 0220-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE DORIS HENDERSON CAUSEY
OCTOBER 31, 2023

FROM THE CIRCUIT COURT OF HANOVER COUNTY
J. Overton Harris, Judge

Kevin E. Calhoun (Charles C. Cosby, Jr., on brief), for appellant.

Mason D. Williams, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Bruce Eric Anderson appeals his convictions, following a bench trial, for arson of an

unoccupied building and maliciously burning a structure with the property inside it valued at $500

or more, in violation of Code §§ 18.2-77, 18.2-80.[1] Anderson argues that the trial court erred in

finding the evidence sufficient to prove malice and in finding that the garage was valued at more

than $500.[2] For the reasons below, we affirm Anderson's conviction for arson of an unoccupied

building, in violation of Code § 18.2-77, but reverse and remand his conviction for maliciously

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1]At the time of the offense, Code § 18.2-80 made it a "Class 4 felony" "[i]f [the defendant] commits such offense at a time when no person is in such building, or other structure, and such building, or other structure, with the property therein, be of the value of $500 or more." Code § 18.2-80 (2018). All the language of the statute that was in effect at the time of the offense is the same as the language of the current statute, except the current statute changed "$500" to "$1,000." The same conduct is a "Class 1 misdemeanor" if "[the building, or other structure] and the property therein be of less value." Code § 18.2-80 (2018).

[2] Anderson initially noted three assignments of error. The third one alleged that the trial court had erred in finding that Anderson's daughter was a victim who suffered emotional injury

burning a structure (garage) with property valued at $500 or more, in violation of Code § 18.2-80, because the evidence sufficiently establishes every element of the lesser-included offense of misdemeanor maliciously burning a structure under the same code section.

## BACKGROUND[3]

Anderson does not contest the circuit court's finding that he intentionally set fire to his house and garage on Pouncey Tract Road in Hanover County in April 2021. The evidence shows that no one was present in the house when Anderson set fire to it and that Anderson left the house after setting the fire. The Commonwealth did not introduce any evidence about the value of the garage and the property inside it. Instead, the circuit court determined that if the court assigned "a minimal value of a dollar to each and every component [of the garage], each and every piece of concrete block, every square foot[,] let's say of concrete pad, shingles, windows, doors, the value is clearly in excess of five hundred dollars. Clearly in excess."

Therefore, the trial court convicted Anderson for arson of an unoccupied building, in violation of Code § 18.2-77, and maliciously burning a structure (garage) with the property inside it valued at $500 or more, in violation of Code § 18.2-80. This appeal follows.

---

for the purpose of scoring in his sentencing guidelines. Anderson withdrew that assignment of error in his opening brief to this Court.

[3] On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth." *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

ANALYSIS

Standard of Review

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Malice

Anderson argues that the evidence was insufficient to prove he acted with malice because malice requires ill will toward another person or entity, and he did not burn the property of another, nor was the property occupied. For the reasons below, we disagree.

Both Code §§ 18.2-77 and 18.2-80 require that the burning be done "maliciously," but neither statute specifically defines "maliciously." Further, "[n]o Virginia case distinguishes the malice which is a necessary element of arson from the malice which has been required in other common law crimes." *Bell v. Commonwealth*, 11 Va. App. 530, 532 (1991). "[M]alice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill

will." *Hamm v. Commonwealth*, 16 Va. App. 150, 153 (1993) (alteration in original) (quoting *Bell*, 11 Va. App. at 533). "[I]n the case of arson, [malice] *is not necessarily a feeling of ill will toward another person*[] but may be a purposeful intent to do a wrongful act." *Id.* at 154 (emphasis added). "[I]f one is fully aware that his conduct creates a grave risk that a dwelling place will be burned, and proceeds with the conduct, and causes the result, he is punishable under" Code § 18.2-77. Ronald J. Bacigal, *Virginia Practice—Criminal Offenses & Defenses*, *Arson and Bombing* A44 (III)(B) (2021). Malice "may be directly evidenced by words[] or inferred from acts and conduct which neces[s]arily result in injury. Its existence is a question of fact to be determined by [the trier of fact]." *Bell*, 11 Va. App. at 533 (quoting *Long v. Commonwealth*, 8 Va. App. 194, 198 (1989)).

Additionally, "[w]hen statutory language is clear and unambiguous, the plain meaning will apply." *Torloni v. Commonwealth*, 274 Va. 261, 267 (2007). "When construing penal statutes, a court must not add to the words of the statute, nor ignore its actual words, and must strictly construe the statute and limit its application to cases falling clearly within its scope." *Robinson v. Commonwealth*, 274 Va. 45, 51 (2007).

The plain language of both Code § 18.2-77 and Code § 18.2-80 does not limit the offenses to the property of another. Code § 18.2-77 states that an offense occurs if "any person maliciously" burns or destroys a dwelling house "*whether belonging to himself or another*." (Emphasis added). Code § 18.2-80 prohibits "any person maliciously" burning or destroying any building "*whether the property of himself or of another*." (Emphasis added). The plain language of both statutes also does not limit the offenses to burning a structure that is occupied. Code § 18.2-77(B) states that "[a]ny such burning or destruction when the building or other place . . . *is unoccupied*, shall be punishable as a Class 4 felony." (Emphasis added). Code § 18.2-80 states that if the offense is committed "at a time *when no person is in such building*, or other

structure" it is punishable as a crime, with the grade of the offense depending on the value of the structures and property inside it. (Emphasis added). Thus, we will not read into the statute the requirement that the burning of the structure be directed toward another person or property owned by another person when both statutes clearly provide otherwise.

Here, the record shows that Anderson committed a wrongful act intentionally when he set fire to his house and garage. Under the definition of malice, the commission of a wrongful act intentionally establishes malice. Anderson does not contest the trial court's finding that he intentionally set fire to his house and garage, and the law does not require that this act have been directed toward a person or entity. Thus, the trial court did not err in finding that Anderson acted with malice and convicting him for violating Code §§ 18.2-77, 18.2-80.

Proof of Value of Property

Anderson also argues that the Commonwealth failed to present sufficient evidence that the garage and its contents were valued at $500 or more. For the reasons below, we agree and reverse and vacate his conviction for maliciously burning a structure with the property inside it valued at $500 or more, in violation of Code § 18.2-80, and remand the conviction for retrial on the lesser-included offense of misdemeanor maliciously burning a structure under the same code section.

"[T]he burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt." *Bishop v. Commonwealth*, 275 Va. 9, 12 (2008) (quoting *Powers v. Commonwealth*, 211 Va. 386, 388 (1970)). As stated above, on appeal, a reviewing court asks "whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Crowder v. Commonwealth*, 41 Va. App. 658, 663 (2003) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)).

In *Crowder v. Commonwealth*, we held that "no rational factfinder could have found beyond a reasonable doubt that the Commonwealth proved the $1,000 threshold value element of the felony destruction of property charge" because it did not introduce any evidence on the value of the property. *Id.* at 663. No witness, even a lay witness, gave any testimony on the value of the property. *Id.* at 664-65. Thus, we reversed and vacated Crowder's conviction, but because the "proven elements of the original charge qualif[ied] as a lesser-included offense," remanded the matter for a retrial on this lesser-included offense. *Id.* at 666-67.

Here, as in *Crowder*, the Commonwealth also did not introduce any evidence to establish the value of the garage and the property inside it. No witness testified about the value of this property. The Commonwealth also did not introduce any exhibits that established the value of the property. There were no pictures of the garage before it was damaged by the fire. The Commonwealth introduced no evidence whatsoever about the value of the garage or the property contained inside the garage. An assistant fire marshal for Hanover County testified about observations he made while investigating Anderson's property for the cause and origin of the fire. The circuit court gleaned from this testimony that the garage had several features, such as "concrete block[s]," a "concrete pad," "shingles, windows, [and] doors." The circuit court determined that if it assigned "a minimal value of a dollar to each and every component [of the garage]," "the value is clearly in excess of five hundred dollars. Clearly in excess."

Under these circumstances, we hold that the Commonwealth did not carry its burden to establish the value of the property, which is an essential element of burning or destroying a building or structure valued at $500 or more, in violation of Code § 18.2-80. It is true that "factfinders may draw inferences from the evidence so long as those inferences do not 'defy logic and common sense.'" *Wynnycky v. Kozel*, 71 Va. App. 177, 203 (2019) (quoting *Fox Rest Assocs., L.P. v. Little*, 282 Va. 277, 283 (2011)). However, "a factfinder must base its decision

*on evidence presented* rather than mere surmise or conjecture." *Id.* (emphasis added). The fact that particular factfinders may have knowledge that allows them to combine past experience with inference to arrive at a conclusion does not relieve the Commonwealth of its burden to present evidence to establish the element of an offense. If such was the case, we would have to account for the personal experience of, in bench trials, every trial judge, and in jury trials, every juror. Rather, our precedent does not require us to account for the particularities of different factfinders but to determine whether the matter sought to be proved is "within the range of the *common experience* of the jury." *Pritchett v. Commonwealth*, 263 Va. 182, 186-87 (2002) (emphasis added) (noting that "[e]xpert testimony is admissible if the area of expertise to which the expert will testify is not within the range of the common experience of the jury"). The value of property is not within the range of common experience of the jury; thus, the Commonwealth was required to present evidence of value. *Lee v. Mulford*, 269 Va. 562, 565 (2005) ("Ordinarily, *expert testimony will be required* to assist the [factfinder in determining reasonable attorney fees]." (emphasis added)).

The Commonwealth has presented no evidence whatsoever about the value of the garage or the property therein, and thus, has not established this essential element of the offense. However, as in *Crowder*, the proven elements of the offense here qualify as a lesser-included offense. Code § 18.2-80 provides that if all the elements of burning or destroying a building or structure valued at $500 or more are met, but the structure "and the property therein be of less value," the crime is punishable as "a Class 1 misdemeanor." Because Anderson only contests the valuation element of Code § 18.2-80, the other proven elements of the offense qualify as a lesser-included offense. Thus, we reverse Anderson's conviction for burning or destroying a building or structure valued at $500 or more, but "remand . . . the lesser charge for retrial—

assuming the Commonwealth, in its prosecutorial discretion, chooses to go forward on the lesser charge." *Crowder*, 41 Va. App. at 666.

CONCLUSION

For the reasons stated, we affirm Anderson's conviction for arson of an unoccupied building, in violation of Code § 18.2-77, but we reverse his conviction for maliciously burning a structure with the property inside it valued at $500 or more, in violation of Code § 18.2-80. Because the evidence sufficiently establishes every element of the lesser-included offense of misdemeanor malicious burning of a structure under Code § 18.2-80, we remand this matter for retrial, if the Commonwealth be so advised.

*Affirmed in part, reversed and remanded in part.*